IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| JASON CARLOS JORDAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:10-0055 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application be denied

**FACT AND PROCEDURE**

On March 23, 2007, Petitioner pled guilty in the United States District Court for the Western District of Virginia to one count of "Distribution of Crack Cocaine" in violation of 21 U.S.C. § 841 (Count 4); and two counts of "Use of a Firearm During and In Relation to a Drug Trafficking Crime" in violation of 21 U.S.C. § 924(c) (Counts 5 and 7). On August 8, 2007, the District Court sentenced Petitioner to a total term of 397 months "consisting of 37 months as to Count 4, 60 months as to

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Count 5, and 300 months as to Count 7, all to be served consecutively." United States v. Jordan, Case No. 5:06-cr-00059 (W.D.Va. Aug. 8, 2007). Notice of Retroactive Application of Sentencing Guidelines regarding Petitioner's Crack Cocaine Offense was filed in the Western District of Virginia on February 22, 2008.[2] Id., Document No. 48. By Memorandum Opinion and Judgment Order entered on April 7, 2008, the District Court granted Petitioner a sentence reduction under 18 U.S.C. § 3582(c)(2). Id., Document No. 162. The District Court reduced Petitioner's sentence to "a total term of imprisonment of 390 months, which consists of 30 months on the drug count and a mandatory 360 months on the two § 924(c) counts." Id.

On January 21, 2010, Petitioner filed the instant Application alleging that "his conviction via plea, to count five of his indictment is constitutionally impermissible via the controlling law of Watson v. United States, 128 S.Ct. 579 (2007)." (Document No. 1, p. 1.) Specifically, Petitioner argues that he is actually innocent of Count Five based upon Watson. (Id., p. 4.) Petitioner states that "[t]he facts of this case are crystal clear, petitioner never possessed the firearm for which he stands guilty of under the law of 18 U.S.C. § 924(c)." (Id., p. 5.) Petitioner contends that his conviction as to Count Five is based upon "the 'crack' [being] passed from the petitioner to the informant in exchange for the 9mm handgun." (Id.) Petitioner states that "upon him giving the 'crack' to the informant, he accepted the 9mm handgun from the informant – in trade for the 'crack.'" (Id., p. 6.) Thus, Petitioner claims that "he is legally innocent of the identified offense of § 924(c); he never used nor did he carry or house the 9mm handgun to aid or further the offense of conviction." (Id.)

---

[2] On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. This retroactivity produces the opportunity for offenders to file motions under 18 U.S.C. § 3582(c)(2) seeking sentence reductions.

Accordingly, Petitioner argues that "[h]is conviction must be vacated in light of its constitutional infirmness. He is actually innocent, via the case law of Watson, infra." (Id.)

## DISCUSSION

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11 Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal

sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not

one of constitutional law." In re Jones, 226 F.3d at 333-34.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner merely alleges that Section 2255 is inadequate because Petitioner is actually innocent based upon Watson.[3] Clearly, Petitioner's circumstances do not establish that Section 2255 was inadequate or ineffective. Unlike the circumstances in Neal v. Francis, 2008 WL 2704520 (N.D.W.Va. July 3, 2008), substantive law did not change subsequently to Petitioner's direct appeal and first Section 2255 motion.[4] Also see Short v. Shultaz, 2008 WL 1984262 (W.D.Va. May 6, 2008)(finding that the petitioner's Watson claim was properly raised in his Section 2241 Petition), aff'd, 298 Fed.Appx. 246 (4th Cir. 2008), cert. denied, 555 U.S. 1197, 129 S.Ct. 1376, 173 L.Ed.2d 631 (2009). The Watson decision was issued approximately four months after Petitioner's sentencing. Based upon a review of the court records from the Western District of Virginia, Petitioner did not file a Section a 2255 Motion challenging his conviction. Although the Watson decision was issued subsequent to Petitioner's sentencing, Petitioner had sufficient time to challenge

---

[3] Petitioner essentially asserts that his conviction as to Count Five is invalid based upon *Watson v. United States*, 552 U.S. 74, 128 S.Ct. 579, 169 L.Ed.2d 472 (2007). Specifically, Petitioner argues that the factual basis supporting his conviction as to Count Five is that he traded drugs for a nine millimeter pistol. (Document Nos. 1 and 1-1.)

[4] In *Neal*, the Northern District determined that the petitioner's Section 2241 Petition, which challenged petitioner's conviction based upon *Watson*, was properly construed as a Petition for Writ of Error *Coram Nobis* and transferred to the district of conviction. *Neal v. Francis*, 2008 WL 2704520 (N.D.W.Va. July 3, 2008). "A writ of error coram nobis is only appropriate when claims could not have been raised by direct appeal, or the grounds to attack the conviction become known after a completed sentence when § 2255 relief is unavailable." *Sun v. United States*, 342 F.Supp.2d 1120, 1126 (N.D.Ga. 2004), *aff'd*, 151 Fed. Appx. 860 (11th Cir. 2005), *cert. denied*, 546 U.S. 1200, 126 S.Ct. 1399, 164 L.Ed.2d 100 (2006). In the instant case, the *Watson* decision was issued when Section 2255 relief was available to Petitioner.

his conviction based upon Watson by filing a Section 2255 Motion.[5] It appears that Petitioner now wishes to file a Section 2241 Petition challenging his conviction because his limitation period has run as to filing a Section 2255 Motion.[6] As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is unable to obtain relief under that provision. Accordingly, the undersigned recommends that Petitioner's Petition be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United

---

[5] The undersigned notes that Petitioner had approximately eight months to file a timely Section 2255 Motion challenging his conviction after the issuance of the *Watson* decision.

[6] Petitioner was sentenced on August 14, 2007, and his sentence became final ten days later when he did not file a Notice of Appeal (August 24, 2007). On January 21, 2010, nearly two years and five months after the one year period expired, Petitioner filed the instant Petition raising issues challenging his conviction in *United States v. Jordan*, Criminal No. 5:06-0059 (W.D.Va. Aug. 8, 2007). Petitioner's Petition construed as a Section 2255 Motion would be untimely unless equitably tolled. The Western District of Virginia, however, is the proper court to consider any equitable tolling claim. Thus, Petitioner's recourse is to seek relief in the Western District of Virginia under Section 2255 by demonstrating that the one-year period of limitation was equitably tolled. *See United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling.")

States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: November 15, 2012.

R. Clarke VanDervort
United States Magistrate Judge